G. EDWARD RUDLOFF, JR. (State Bar No. 56058)
EDWARD P. MURPHY (State Bar No. 182778)
ANNA A. CHOPOVA (State Bar No. 245730)
**RUDLOFF WOOD & BARROWS LLP**
2000 Powell Street, Suite 900
Emeryville, CA 94608
Telephone:    (510) 740-1500
Facsimile:    (510) 740-1501

Attorneys for Defendants ALLIED PROPERTY
AND CASUALTY INSURANCE COMPANY
and AMCO INSURANCE COMPANY

UNITED STATES DISTRICT COURT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| JOELLEN HRUBY, | No. CV 07-6031 EMC |
| Plaintiff, | **AMENDED NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) (DIVERSITY)** |
| vs. | |
| ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, a corporation; AMCO INSURANCE COMPANY, a corporation, and DOES 1 to 10, inclusive, | **[JURY TRIAL DEMANDED]** |
| | Complaint Filed: 09/21/07 |
| | Trial Date:    None Set |
| Defendants. | |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY ("Allied") and AMCO INSURANCE COMPANY ("AMCO") remove to this Court the state court action described below.

## JURISDICTION AND VENUE

1.    Removal of jurisdiction of this action is based upon diversity of citizenship (28 U.S.C. §1332), as the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.    Venue is proper in the Northern District of California, San Francisco Division, pursuant to 28 U.S.C. §1391, because Allied and AMCO are subject to personal jurisdiction in this

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

1    judicial district and a substantial part of the events or omissions giving rise to this lawsuit occurred

2    in the Northern District of California.

3                                        **REMOVAL**

4            3.      On September 21, 2007, this action was commenced in the Superior Court of the

5    State of California in and for the County of Alameda, entitled *Joellen Hruby v. Allied Property*

6    *and Casualty Insurance Company, a corporation; AMCO Insurance Company, a corporation, and*

7    *Does 1 to 10, inclusive,* Alameda County Superior Court, Civil Action No. RG07347517

8    ("Complaint"). The Summons was served by personal delivery on the registered agent for service

9    of process for Allied and AMCO on November 2, 2007. Copies of the documents filed in the state

10   court action are attached as Exhibit A.

11           4.      This action is a civil action in which this Court has original jurisdiction under 28

12   U.S.C. § 1332, and may be removed to this Court by Defendants pursuant to the provisions of 28

13   U.S.C. §1441(b), because it is a civil action between citizens of different states and the matter in

14   controversy exceeds the sum of $75,000, exclusive of interest and costs. This lawsuit arises from

15   a first-party property insurance claim for damage to Plaintiff's residence located at 6736 Gunn

16   Drive, Oakland, California ("the Property"). On September 24, 2006, a tree planted on a

17   neighbor's premises became uprooted and fell on the Property. The Complaint alleges that, based

18   on the subject insurance policy ("Policy"), Defendants are liable for (1) Breach of Contract, and

19   for (2) Breach of the Implied Covenant of Good Faith and Fair Dealing ("Bad Faith"). The

20   jurisdictional minimum is met because the amount of contractual damages in controversy exceeds

21   $75,000, as this action involves a Policy with a coverage limit in excess of $500,000. In addition

22   to the contractual damages, Plaintiff seeks damages for alleged emotional upset, pain and distress,

23   punitive and exemplary damages, and attorneys' fees. (Complaint ¶21, ¶22, ¶23 and Prayer, p. 6).

24   To the best of Defendants' information and belief, Plaintiff's prayer for all of these types of

25   damages meets the $75,000 jurisdictional minimum.

26           5.      Defendants are informed and believe that Plaintiff Joellen Hruby was, at the time of

27   filing this action, and still is, a citizen of the State of California. Both Defendant Allied and

28   Defendant AMCO were, at the time of the filing of this action, and still are, corporations duly

RUDLOFF **WOOD & BARROWS** LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

AMENDED NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b)
(DIVERSITY)

1   organized under the laws of the State of Iowa, with their principal places of business in the State

2   of Iowa.  The parties to this action are completely diverse.

3       6.      Defendants are informed and believe that Plaintiff has not served any other

4   individual or entity with the Summons and Complaint in this action.

### DEMAND FOR JURY TRIAL

6       7.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby

7   demand a trial by jury.

10  DATED:  December 3, 2007           **RUDLOFF WOOD & BARROWS LLP**

12                                     By: _____
                                           G. Edward Rudloff, Jr.
13                                         Edward P. Murphy
                                           Anna A. Chopova

15                                     Attorneys for Defendants ALLIED PROPERTY
                                       AND CASUALTY INSURANCE COMPANY
16                                     and AMCO INSURANCE COMPANY

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

-3-
AMENDED NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b)
(DIVERSITY)

**PROOF OF SERVICE BY MAIL**

I, Patricia Ryan, hereby declare:

I am over the age of eighteen and not a party to the within cause. I am employed in the County of Alameda, California, in the office of a member of the bar of the court in which the within action is pending at whose direction the following service was made. My business address is Rudloff Wood & Barrows LLP, 2000 Powell Street, Suite 900, Emeryville, California 94608.

I am personally and readily familiar with the business practice of Rudloff Wood & Barrows LLP for the collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

On December 3, 2007, I served the within: **AMENDED DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. §1441(b) (DIVERSITY)** on the parties named below in this action by placing a true copy thereof enclosed in a sealed envelope for collection and mailing on this date, following ordinary business practices, addressed as follows:

| | |
|---|---|
| Peter O. Glaessner, Esq.<br>Lombardi, Loper & Conant, LLP<br>1999 Harrison Street, Suite 2600<br>Oakland, CA 94612 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on December 3, 2007, at Emeryville, California.

_Patricia R. Ryan_
Patricia Ryan

RUDLOFF WOOD & BARROWS LLP
ATTORNEYS AT LAW
2000 POWELL STREET, SUITE 900
EMERYVILLE, CALIFORNIA 94608
(510) 740-1500

# EXHIBIT A

Nov. 2. 2007 10:03AM

No. 6358    P. 2/2

11/2/07 @ 3:45P

SUM-100

# SU___IONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, a corporation; AMCO INSURANCE COMPANY, a corporation, and DOES 1 to 10, inclusive

10 inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JOELLEN HRUBY

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

SEP 21 2007

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
ALAMEDA COUNTY SUPERIOR COURT
1225 Fallon Street

Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):* RG07347517

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Peter O. Glaessner, SBN: 93830          (510) 433-2600   (510) 433-2699
Lombardi, Loper & Conant, LLP
1999 Harrison Street, Suite 2600
Oakland, CA 94612                         Esther Colemos

DATE: SEP 2 1 2007          Clerk, by _____, Deputy
*(Fecha)*          PAT S. SWEETEN   *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* AMCO Insurance Company

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                   Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

11619531 tif - 11/2/2007 11:07:17 AM

1    PETER O. GLAESSNER, State Bar No. 93830
     pog@llcllp.com
2    LOMBARDI, LOPER & CONANT, LLP
     Lake Merritt Plaza
3    1999 Harrison Street, Suite 2600
     Oakland, CA 94612-3541
4    Telephone:    (510) 433-2600
     Facsimile:    (510) 433-2699
5
     Attorneys for Plaintiff
6    JOELLEN HRUBY

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                             COUNTY OF ALAMEDA

10

11   JOELLEN HRUBY,                          Case No.

12                  Plaintiff,               COMPLAINT BREACH OF CONTRACT
                                             AND BREACH OF COVENANT OF GOOD
13        v.                                 FAITH AND FAIR DEALING

14   ALLIED PROPERTY AND CASUALTY
     INSURANCE COMPANY, a corporation;
15   AMCO INSURANCE COMPANY, a
     corporation, and DOES 1 to 10, inclusive,
16
                    Defendant.
17

18

19

20        Plaintiff JOELLEN HRUBY ("Hruby") alleges as follows:

21        1.    Plaintiff Hruby is an individual who, at all times material herein, owned a multi-

22   story residence at 6736 Gunn Drive, Oakland, California, within the County of Alameda. The

23   Hruby residence is in the Montclair district and sits on a hillside.

24        2.    On or about September 24, 2006, a large tree planted on an upslope neighbor's

25   property became uprooted, falling and violently striking a portion of the roof of the Hruby

26   residence.

27   ///

28   ///

     30739-36637 POG 542699 1

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

                              COMPLAINT FOR DAMAGES

1       3.     Various portions of the Hruby residence were physically and structurally damaged

2    as a result of the tree striking it, including but not limited to the roof, framing and membrane,

3    exterior decks, interior cracking of walls and window frames, windows, and skylights. These

4    damages included physical and structural damage rendering portions of the property unsafe and

5    unusable.

6       4.     Defendant Allied Property and Casualty Insurance Company ("Allied") is a

7    corporation licensed as an admitted insurer in the State of California, authorized to transact the

8    business of insurance within the County of Alameda, State of California.

9       5.     Defendant Amco Insurance Company ("Amco") is a corporation licensed as an

10   admitted insurer in the State of California, authorized to transact the business of insurance within

11   the County of Alameda, State of California.

12      6.     At the time of the damage to her residence, Plaintiff was insured by policy of

13   insurance (No. HA 0014550808). On the face of the policy, the insurer is described as both

14   "Allied" and "Amco" in various places. Plaintiff is presently unsure of the exact

15   insurer/indemnitor under the contract, and is further unsure of the exact relationship role and

16   responsibility of these defendants in the claims handling. Plaintiff hereinafter refers to the

17   defendants collectively as "Allied/Amco".

18      7.     Under the terms of such policy, Allied/Amco was obligated to pay for all physical

19   damage to her residence, subject to the exclusions, terms and conditions of that policy.

20      8.     Plaintiff promptly notified defendants of the tree incident, and the damage

21   sustained by her residence. Thereafter, defendants adjusted the claim. Following a cursory

22   inspection of the residence, Allied/Amco acknowledged coverage and paid $13,281.29 in

23   December, 2006. Such payments covered only a portion of the superficial damages to the

24   residence.

25      9.     Plaintiff is informed and believes, and on that basis alleges, that as of the time of

26   this $13,281.29 payment, Allied/Amco essentially closed its claim file. Though Allied/Amco

27   advised Hruby to inform it of "hidden or additional damage" at that time, Plaintiff is informed

28   and believes, and on that basis alleges, that Allied/Amco knew, or should have known, that the

30739-36637 POG 542699.1            - 2 -

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

11619531 tif - 11/2/2007 11:07:17 AM

1 amount paid did not adequately compensate its insured for the total damage to the residence.

2       10.    Plaintiff made further attempts to communicate with Allied/Amco's adjuster, and

3 to obtain Allied/Amco's further inspection of the residence. Her efforts proved futile, as

4 Allied/Amco repeatedly referred Hruby to pursue any additional claims with her neighbor's

5 homeowner's insurer. Plaintiff is informed and believes, and on that basis alleges, that

6 Allied/Amco became interested primarily in pursuing recovery of the amounts it paid from

7 Hruby's neighbor and/or insurer, and stopped any meaningful adjustment of the first party claim.

8       11.    Plaintiff made further efforts to communicate with Allied/Amco, and demanded

9 that Allied/Amco further inspect her residence with a competent engineer and/or contractor.

10 After her efforts failed, she hired an attorney who wrote to Allied/Amco in May, 2007,

11 identifying seven specific areas of further or additional damage in her residence. This letter

12 requested further inspection, adjustment, and payment under the Allied/Amco policy.

13       12.    However, Allied/Amco took no steps to hire any architect, engineer or contractor

14 to assess the problems identified in May, 2007. Thereafter, Plaintiff was required to hire an

15 architect/engineer to thoroughly inspect the residence and develop a scope of work necessary to

16 properly repair all of the physical and structural damage to the residence.

17       13.    Plaintiff obtained a scope of necessary work from her architect/engineer, which

18 was made available to Allied/Amco. Meanwhile, Allied/Amco continued to ignore her

19 communications or, if Allied/Amco responded, the gist of the response was her to re-direct her to

20 seek any further compensation from her neighbor's insurer. This was despite the fact that Hruby

21 had purchased a homeowner's policy from Allied/Amco, and reasonably expected Allied/Amco

22 to pay her all the benefits due under the homeowner's policy, regardless of their recovery or

23 subrogation rights.

24       14.    The true names and capacities, whether individual, corporate or otherwise of Does

25 1 through 10, inclusive are unknown at this time to Plaintiff, who therefore sues such defendants

26 using fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the

27 defendants so designated are in some way responsible for the events and happenings alleged

28 herein, and cause damage to Plaintiff as alleged herein.

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1409 Harrison Street, Suite 2600
Oakland, CA 94612-3541

15.     Plaintiff will seek leave of court to allege their true names and capacities when such information is determined.  Plaintiff alleges that each defendant, fictitious or not, was an agent and/or employee of each remaining defendant and was at all times acting within the course and scope of such agency/employment in doing the acts alleged herein.

### FIRST CAUSE OF ACTION
### [BREACH OF CONTRACT]

16.     Plaintiff refers to and incorporates by reference the allegations of Paragraph 1-15, inclusive herein.

17.     Plaintiff has paid all premiums due and performed all conditions required under the Allied/Amco policy.

18.     Defendant has failed to perform the terms of the contract, express and/or implied, actually and proximately causing plaintiff damages, including but not limited to (a) her expenses required to hire an architect/engineer to properly inspect her residence, for the purpose of determining the full nature and extent of the physical and structural damage to residence; (b) all necessary repairs of her residence, not paid by defendants.  The cost to properly repair all items of physical damage to her residence caused by the tree falling on her roof far exceed the amounts paid by defendants to date. Plaintiff reserves the right to assert other damages arising from defendants' breach of its contract of insurance, as they arise, prior to trial.

WHEREFORE, Hruby prays for damages on the first cause of action as follows.

### SECOND CAUSE OF ACTION
### [BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING]

19.     Plaintiff refers to and incorporates by reference the allegations of Paragraphs 1-15, inclusive.

20.     Within every contract of first party insurance, including the Allied/Amco policy issued to Hruby, there exists a covenant of good faith and fair dealing implied in law.  This covenant requires the insurer to act fairly and in good faith in performing its contractual responsibilities, including its obligations in the handling of claims submitted by its insured.

///

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30739-36637 PDG 542699.1

- 4 -

21.    Plaintiff is informed and believes, and on that basis alleges, that Allied/Amco has breached this covenant of good faith and fair dealing in its post-loss claims handling and adjustment of plaintiff's claim by doing the following: (a) defendants failed to initially hire architects or engineers with sufficient expertise to properly assess the nature and scope of damages to the residence; (b) defendants unreasonably delayed in hiring such persons, instead forcing the insured to hire such persons at her expense, and without payment; (c) defendants' initial investigation and payment was superficial, and fell below the standards which a reasonable property insurer would adopt for the nature of the loss in question; (d) defendants have failed to timely and/or meaningfully communicate with the plaintiff regarding her requests for further inspection of her residence, despite her demonstrating the existence of further and additional damages not originally discovered or paid by defendants; (e) defendants' actions have forced the insured to hire an attorney, for the purpose of enforcing her right to the contractual benefits due her, but which remain unpaid; (f) defendants have essentially neglected the insured, directed her to deal with her neighbor's liability insurer, and focused their efforts on pursuing subrogation from the neighbor and/or the neighbor's insurer; and (g) defendants have adjusted the claim by improperly interpreting and applying provisions of the policy, thus improperly reducing the amount of indemnity due to its insured. Plaintiff expressly reserves the right to amend the complaint to allege other allegations, upon discovery.

22.    As a result of defendants' breach of the implied covenant of good faith and fair dealing, Hruby has needed to hire an attorney, architect/engineer to obtain the benefits of her policy and, in the future, will be required to hire a contractor to perform structural repairs to her residence. None of these professional services would have been necessary had Allied/Amco properly performed its investigation and claim adjustment duties.

23.    In addition, as a result of this breach of the implied covenant of good faith and fair dealing, Hruby has suffered emotional upset, pain, and distress which would not have occurred, but for Allied's failure to perform its implied obligations under the policy.

24.    In its course of dealings, Allied/Amco has effectively abandoned the Hruby claim, essentially ignoring its contractual obligations to its insured, in favor of pursuing its right to

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30739-36637 POG 542699.1

- 5 -

11619531.tif - 11/2/2007 11:07:17 AM

1   subrogation, thus leaving its insured to deal with her neighbor's homeowner's insurer. The

2   conduct of Allied not only has breached the covenant of good faith and fair dealing, but also

3   numerous statutes and regulations regarding proper and fair claims handling. Such conduct was

4   malicious and oppressive, and justifies an award of exemplary damages against defendant, to

5   deter it from further, similar conduct in the future.

6         WHEREFORE, Plaintiff prays for damages as follows herein.

7   **PRAYER**

8   Plaintiff Hruby prays for judgment against defendants, and each of them, as follows:

9   <u>First Cause of Action:</u>

10      1.      For judgment in her favor and against defendants, and each of them;

11      2.      For special and general damages, in an amount subject to proof at trial;

12      3.      For prejudgment interest as permitted by law;

13      4.      For costs of the lawsuit;

14      5.      For such further and other relief as the court deems proper.

15  <u>Second Cause of Action:</u>

16      1.      For judgment in plaintiff's favor and against defendants and each of them;

17      2.      For special and general damages, in an amount to be proven at trial;

18      3.      For prejudgment interest as permitted by law;

19      4.      For punitive and exemplary damages, in an amount sufficient to deter defendants,

20  and each of them, from such conduct in the future;

21      5.      For attorney's fees necessary to recover contract benefits;

22      6.      For costs of this lawsuit;

23      7.      For such further relief as the court deems proper.

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30739-36637 POG 542699.1

- 6 -

11619531 tif - 11/2/2007 11.07.17 AM

1   DATED: September 21, 2007       LOMBARDI, LOPER & CONANT, LLP

2

3                             By: _Peter O Glaessner_

4                               PETER O. GLAESSNER
                                 Attorneys for Plaintiff, JOELLEN HRUBY

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

30739-36537 POG 542699.1

- 7 -

COMPLAINT FOR DAMAGES

11619531 tif - 11/2/2007 11:07:17 AM

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
11/05/2007
CT Log Number 512756915

84M10753

**TO:**  Randolph Wiseman
Nationwide Mutual Insurance Company
One Nationwide Plaza 1-38-11
Columbus, OH 43215-2220

**RE:**  **Process Served in California**

**FOR:**  Allied Property & Casualty Insurance Company (Domestic State: IA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joellen Hruby, Pltf. vs. Allied Property and Casualty Insurance Company, etc., et al., Dfts.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Notice of Case Management and Order, Notice |
| **COURT/AGENCY:** | Alameda County, Oakland, Superior Court, CA<br>Case # RG07347517 |
| **NATURE OF ACTION:** | Breach of Contract - Failed to initially hire architects or engineers with sufficient expertise to properly assess the nature and soce of damages to the residence |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/02/2007 at 15:15 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 02/05/2008 at 2:30 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Peter O. Glaessner<br>Lombardi, Loper & Conant, LLP<br>1999 Harrison Street<br>Suite 2600<br>Oakland, CA 94612<br>510-433-2600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/05/2007, Expected Purge Date: 11/10/2007<br>Image SOP - Page(s): 15 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents