G. EDWARD RUDLOFF, JR. (State Bar No. 56058)
EDWARD P. MURPHY (State Bar No. 182778)
ANNA A. CHOPOVA (State Bar No. 245730)
**RUDLOFF WOOD & BARROWS LLP**
2000 Powell Street, Suite 900
Emeryville, CA 94608
Telephone:   (510) 740-1500
Facsimile:   (510) 740-1501
E-mail:      erudloff@rwblaw.com
             emurphy@rwblaw.com
             achopova@rwblaw.com

Attorneys for Defendants ALLIED PROPERTY
AND CASUALTY INSURANCE COMPANY
and AMCO INSURANCE COMPANY

UNITED STATES DISTRICT COURT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| JOELLEN HRUBY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, a corporation; AMCO INSURANCE COMPANY, a corporation, and DOES 1 to 10, inclusive,<br><br>　　　　Defendants.<br>_____ / | No. CV 07-6031 EMC<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY AND AMCO INSURANCE COMPANY**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: 09/21/07<br>Trial Date:　　None Set<br><br>[Hon. Edward M. Chen] |

Defendant Allied Property and Casualty Insurance Company and Defendant AMCO Insurance Company (collectively "AMCO"), appearing for themselves and no others, answer the Complaint ("Complaint") of Plaintiff Joellen Hruby ("Plaintiff") as follows:

　　　1.　　**Responding to Paragraph 1:**  AMCO admits the allegations in Paragraph 1.

　　　2.　　**Responding to Paragraph 2:**  AMCO admits the allegations in Paragraph 2 based on information provided by Plaintiff to AMCO for purposes of adjusting her claim.  AMCO denies any and all other allegations not specifically admitted or otherwise addressed.

　　　3.　　**Responding to Paragraph 3:**  AMCO admits that portions of Plaintiff's residence

-1-

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ALLIED PROPERTY AND CASUALTY
INSURANCE COMPANY AND AMCO INSURANCE COMPANY　　Case No. CV 07-6031 EMC　　　　1

were damaged by the tree falling. To the extent that Plaintiff alleges that the damages rendered the property unsafe and unusable, AMCO does not have information or knowledge sufficient to form an opinion regarding the truth of this allegation, and on that basis, AMCO denies it. Further, AMCO does not have knowledge or information sufficient to form an opinion as to the full scope and nature of the damage to Plaintiff's property, and therefore denies any and all allegations to that effect. AMCO denies any and all other allegations not specifically admitted.

4. **Responding to Paragraph 4:** Defendant Allied Property and Casualty Insurance Company admits that it is a corporation licensed in the State of California and authorized to transact the business of insurance within the County of Alameda, California.

5. **Responding to Paragraph 5:** Defendant AMCO Insurance Company admits that it is a corporation licensed in the State of California and authorized to transact the business of insurance within the County of Alameda, California.

6. **Responding to Paragraph 6:** Defendant AMCO Insurance Company admits that Plaintiff was insured by a Homeowners Policy of Insurance issued by AMCO Insurance Company, Policy # HA0014550808-2, for the policy period from November 23, 2005 to November 23, 2006 ("the Policy"). AMCO denies that "on the face of the policy, the insurer is described as both "Allied" and "AMCO." To the extent that Paragraph 6 alleges that the exact insurer that issued the Policy is not ascertainable from the face of the Policy, AMCO denies this allegation. Defendant Allied Property and Casualty Insurance Company denies being the insurer that issued Plaintiff's Policy. AMCO denies any and all other allegations not specifically admitted.

7. **Responding to Paragraph 7:** The allegations in Paragraph 7 are legal conclusions and require neither admission nor denial. Further, to the extent that Paragraph 7 attempts to interpret the Policy as providing coverage for Plaintiff's loss, and the scope of that coverage, AMCO denies the allegations. AMCO denies that it was necessarily obligated to pay for "all physical damage" to Plaintiff's residence. AMCO denies any and all other allegations not specifically admitted.

8. **Responding to Paragraph 8:** AMCO admits that Plaintiff notified it of the loss

and that it adjusted Plaintiff's claim in accordance with the Policy terms and conditions. AMCO denies that the inspection conducted was "cursory." AMCO admits that it made payments in December 2006 for purposes of covering the damages assessed at that time. To the extent that Paragraph 8 alleges that the $13,281.29 payment was intended as a final and only payment of Plaintiff's loss, AMCO denies this allegation. Further, AMCO denies that the payment was to cover only a portion of the superficial damages to the residence. AMCO denies any and all other allegations not specifically admitted.

9. **Responding to Paragraph 9:** AMCO denies that it "essentially closed its claim file" as of the time of the payment. AMCO admits that Plaintiff was advised to inform AMCO of hidden or additional damage. AMCO denies that it knew or should have known that the amount paid "did not adequately compensate its insured for the total damage to the residence." AMCO denies any and all other allegations not specifically admitted.

10. **Responding to Paragraph 10:** AMCO admits that there were further communications with Plaintiff. AMCO denies the allegation that AMCO told Plaintiff to pursue her claims with her neighbor's carrier. AMCO denies the allegation that it "stopped any meaningful adjustment of the first party claim," or that it "became primarily interested in pursuing recovery of the amounts paid form Hruby's neighbor and/or insurer." AMCO denies any and all allegations in Paragraph 10 not specifically admitted.

11. **Responding to Paragraph 11:** AMCO admits that there were further communications with Plaintiff. AMCO denies that it refused to arrange further inspections. AMCO admits that it received a letter from Plaintiff's attorney in May of 2007 and that the letter identified other areas of damage. AMCO denies any and all other allegations not specifically admitted.

12. **Responding to Paragraph 12:** AMCO denies that it failed to assess the alleged problems identified in the May 2007 letter, or that it took no steps to hire architects/engineers to assess the same. AMCO lacks information or belief sufficient to form an opinion as to whether Plaintiff was required to hire an architect/engineer, and on that basis denies this allegation. AMCO denies any and all other allegations not specifically admitted.

**13.     Responding to Paragraph 13:** To the extent that Paragraph 13 alleges that the scope of work outlined by Plaintiff's own architect/engineer was a true and accurate assessment of the scope of the repairs needed, AMCO denies these allegations. AMCO admits that it received a copy of Plaintiff's architect/engineer report. AMCO denies that it ever ignored Plaintiff's communications. AMCO also denies that it told Plaintiff to pursue recovery from her neighbor's insurer. To the extent that Paragraph 13 sets forth Plaintiff's expectations, AMCO lacks knowledge or information sufficient to form an opinion, and on that basis denies the allegations. AMCO denies any and all other allegations not specifically admitted.

**14.     Responding to Paragraph 14:** The allegations in Paragraph 14 are legal conclusions which require no admission or denial.

**15.     Responding to Paragraph 15:** The allegations that defendants acted as agents and or employees of each other, and acted within the course and scope of employment at all times, are legal conclusions, requiring neither admission nor denial. To the extent that Paragraph 15 alleges that Defendant Allied Property and Casualty Insurance Company and Defendant AMCO Insurance Company acted as agents and/or employees of each other, AMCO denies this allegation. AMCO denies any and all other allegations not specifically admitted.

**16.     Responding to Paragraph 16:** AMCO refers to and incorporates by reference its answers to the allegations in Paragraphs 1-15, inclusive.

**17.     Responding to Paragraph 17:** AMCO admits that it is not aware that any premiums were due under the Policy at the time of the tender. AMCO lacks information or knowledge sufficient to form an opinion about the truth of the allegation that all conditions required under the Policy have been complied with by Plaintiff. AMCO denies any and all other allegations not specifically admitted.

**18.     Responding to Paragraph 18:** AMCO denies that it has failed to perform the terms of the contract. AMCO further denies that any alleged damages were either actually or proximately caused by AMCO. AMCO does not have sufficient information or knowledge to form an opinion regarding the cost to repair all items of physical damage to the residence, and therefore denies the allegations that such cost far exceeds the amounts paid by AMCO to date.

AMCO has no information or knowledge sufficient to form an opinion as to any other damages that Plaintiff may raise in the future. AMCO denies any and all other allegations not specifically admitted.

**19.   Responding to Paragraph 19:** AMCO refers to and incorporates by reference the answers to the allegations in Paragraphs 1 through 18, inclusive.

**20.   Responding to Paragraph 20:** The allegations in Paragraph 20 are legal conclusions which require neither admission nor denial.

**21.   Responding to Paragraph 21:** AMCO denies the allegation that it has breached the implied covenant of good faith and fair dealing in its "post-loss" handling and adjustment of Plaintiff's claim.

**21 (a).** Responding to part 21 (a) of Paragraph 21, AMCO denies the allegations contained therein.

**21 (b).** Responding to part 21 (b) of Paragraph 21, AMCO denies delaying the hiring of architects and/or engineers. AMCO also denies that any acts or omissions on its part "forced" Plaintiff to hire such persons at her expense. AMCO additionally denies not paying for the hiring of architects and/or engineers. AMCO denies any and all other allegations not specifically admitted.

**21 (c).** Responding to part 21 (c) of Paragraph 21, AMCO denies that its initial investigation and payment of the loss were superficial and fell below any applicable standards. AMCO denies any and all other allegations not specifically admitted.

**21 (d).** Responding to part 21 (d) of Paragraph 21, AMCO denies that it failed to communicate timely and meaningfully with Plaintiff regarding her request for further inspections. AMCO does not have information or knowledge sufficient to form an opinion about the truth of Plaintiff's allegations that she has demonstrated the existence of additional damages not originally discovered or paid by AMCO, and on that basis AMCO denies these allegations. AMCO denies any and all other allegations not specifically admitted.

**21 (e).** Responding to part 21 (e) of Paragraph 21, AMCO denies that its acts or omissions have "forced" Plaintiff to hire an attorney. AMCO does not have sufficient information

-5-
ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY AND AMCO INSURANCE COMPANY    Case No. CV 07-6031 EMC    5

or knowledge to form an opinion as to the purpose for which Plaintiff hired an attorney, and on that basis AMCO denies Plaintiff's allegations to that effect. To the extent that Paragraph 21 (e) alleges that any contractual benefits remain due and unpaid to Plaintiff, AMCO denies these allegations. AMCO denies any and all other allegations not specifically admitted.

**21 (f).** Responding to part 21 (f) of Paragraph 21, AMCO denies that it has neglected the insured. And, to the extent that Paragraph 21(f) alleges that AMCO's pursuit of recovery in subrogation has caused it to neglect Plaintiff, AMCO denies this allegation as well. AMCO denies all allegations in Paragraph 21 (f) not specifically admitted.

**21 (g).** Responding to part 21 (g) of Paragraph 21, AMCO denies acting improperly in adjusting the claim, interpreting the policy provisions or determining the amount of indemnity due to the insured. AMCO denies any and all other allegations not specifically admitted.

**22.    Responding to Paragraph 22:** To the extent that Paragraph 22 alleges that any acts or omissions by AMCO caused Plaintiff to hire an attorney, an architect, engineer, or a contractor, AMCO denies this allegation. Further, AMCO denies that it breached the implied covenant of good faith and fair dealing towards Plaintiff. To the extent that Paragraph 22 alleges that AMCO failed to perform properly its investigation and claim adjustment duties, AMCO denies this allegation as well. AMCO denies any and all other allegations not specifically admitted.

**23.    Responding to Paragraph 23:** To the extent that Paragraph 23 alleges that AMCO breached the implied covenant of good faith and fair dealing, AMCO denies this allegation. Also, to the extent that Paragraph 23 alleges that any conduct by AMCO is the cause of Plaintiff's alleged emotional upset, pain and distress, AMCO denies all allegations to that effect. AMCO denies any and all other allegations not specifically admitted.

**24.    Responding to Paragraph 24:** AMCO denies that it "effectively abandoned" Plaintiff's claim, or otherwise ignored its contractual obligation to the insured. Moreover, AMCO denies that it "left" the insured to deal with her neighbor's insurer. AMCO denies acting improperly in any manner. AMCO denies that it has breached "numerous statutes and regulations

regarding proper and fair claims handling." AMCO denies that its conduct was "malicious and oppressive, and justifies an award of exemplary damages against defendant." AMCO denies any and all other allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

AMCO has alleged affirmative defenses as set forth below. By such pleading, AMCO intends no alteration of the burden of proof and/or burden of going forward with the evidence that otherwise exists with respect to any particular issue at law or equity. Furthermore, all defenses are pled in the affirmative and do not constitute an admission of liability as to whether Plaintiff is entitled to any relief whatsoever.

Unless otherwise specifically provided herein, AMCO raises each of the following affirmative defenses to each and every cause of action asserted against it and to each of the acts and/or omissions with which AMCO is charged in the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (No Privity of Contract)

25. Allied Property and Casualty Insurance Company is not the underwriting company that issued the Policy to Plaintiff, and Plaintiff's causes of action against Allied Property and Casualty Insurance Company are thus barred.

### SECOND AFFIRMATIVE DEFENSE
### (No Cause of Action)

26. The Complaint, and each claim for relief therein, fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
### (AMCO did not Cause Damage)

27. The acts alleged to have been committed by AMCO were not the cause in fact, proximate cause, or legal cause, of any damage alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

28. To the extent that Plaintiff failed to exercise reasonable and ordinary care, caution, and/or prudence to avoid the damages alleged in the Complaint, any damage award that may be awarded against AMCO should be reduced accordingly.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

29. To the extent that Plaintiff failed to exercise reasonable care and diligence to mitigate her alleged damages, any recovery which may be awarded to Plaintiff should be reduced accordingly.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

30. AMCO is informed and believes, and on that basis alleges, that Plaintiff has waived her rights and is estopped from asserting her claim for breach of contract by virtue of her own acts, conduct, representations and omissions.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

31. AMCO is informed and believes, and thereon alleges that Plaintiff acted with "unclean hands" in relation to the matters alleged in her Complaint and, by virtue of her acts, conduct, representations and omissions, Plaintiff has waived her right to relief.

## EIGHTH AFFIRMATIVE DEFENSE

### (Other Causes)

32. AMCO is informed and believes, and thereon alleges that Plaintiff and/or other superseding and intervening persons, entities or incidents, and not AMCO, are the cause of resulting damage, if any, alleged by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

33. AMCO is informed and believes, and on that basis alleges, that Plaintiff is barred by the doctrine of laches from recovery of the damages alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Failure to Perform)

34. Plaintiff is foreclosed from seeking damages in connection with any alleged breach of duty arising out of the insurance contract to the extent that Plaintiff failed to perform her obligations under the Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Full Performance)

35. AMCO has performed all of its duties and obligations under the Policy.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Reasonable Reliance)

36. Plaintiff's reliance on any alleged representation or misrepresentation was unreasonable and unjustifiable.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (AMCO' Good Faith Assertion of Rights)

37. At all times mentioned in the Complaint, AMCO was asserting its legal rights under the Policy with a good faith belief in the existence of those rights and thus, its conduct with respect to the subject matter of the Complaint is privileged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (The Policy Bars Damages)

38. The Complaint is barred, in whole or in part, by the terms, conditions, definitions, limitations, and exclusions contained in AMCO Insurance Company's Homeowners Insurance Policy ("The Policy"), which is incorporated by reference as if set forth in full, and is as follows: Policy # HA0014550808-2, issued to Joellen Hruby, for the policy period from November 23, 2005 to November 23, 2006 ("the Policy"), and/or by public policy or express provisions of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Coverage Provided by the Policy – Property Coverages)

39. The Policy provides in relevant part:

**SECTION I – PROPERTY COVERAGES**
COVERAGE A – Dwelling

1. We cover:

    a. The dwelling on the "residence premises" shown in the Declarations, including structures attached to the dwelling; and

    b. Materials and supplies located on or next to the "residence premises" used to construct, alter or repair the dwelling or other structures on the "residence premises."

2. This coverage does not apply to land, including land on which the dwelling is located.

40. AMCO asserts that liability under the Policy does not attach unless it falls within the provision set forth above.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Trees, Shrubs and Other Plants)

41. The Policy and Premier Home Endorsement 12601 (11-03) provide in relevant part as follows:

**ADDITIONAL COVERAGES**

The following coverages are amended or added:
...
3. **Trees, Shrubs and Other Plants**

    We cover trees, shrubs, plants or lawns, on the "residence premises," for loss caused by the following Perils Insured Against:

    a. Fire or Lightning;
    b. Explosion;
    c. Riot or Civil Commotion;
    d. Aircraft;
    e. Vehicles not owned or operated by a resident of the "residence premises;"
    f. Vandalism or Malicious Mischief; or
    g. Theft

>We will pay up to 5% of the limit of liability that applies to the dwelling or $10,000, whichever is less, for all trees, shrubs, plants or lawns on the "residence premises." No more than $1000 of this limit will be available for any one tree, shrub or plant.
>
>We do not cover trees, shrubs, plants or lawns:
>
>a.  Grown for "business" purposes; or
>
>b.  Are part of, or a continuation of, a forest including national forest or wildlife preserve.
>
>This coverage is additional insurance.

42.  AMCO asserts that liability under the Policy does not attach unless it falls within the provision set forth above.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Perils Insured Against)

43.  The Policy provides in relevant part as follows:

>**SECTION I – PERILS INSURED AGAINST**
>**THIS SECTION ALSO CONTAINS EXCEPTIONS TO OR EXCLUSIONS FROM COVERAGE**
>
>A.  **COVERAGE A – Dwelling and COVERAGE B – Other Structures**
>
>1.  We insure against risk of direct physical loss to property described in Coverages **A** and **B**.
>
>2.  We do not insure, however, for loss:
>
>    a.  Excluded under **SECTION I – EXCLUSIONS**;
>
>    b.  Involving collapse, other than as provided in **E.8.** under **SECTION I – PROPERTY COVERAGES**; and
>
>    c.  Caused by: …
>
>…

44.  AMCO asserts that liability under the Policy does not attach unless it falls within the provisions set forth above.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Duties After Loss)

45. The Policy provides in relevant part as follows:
**SECTION I - CONDITIONS**
...
B. **Duties After Loss**
In case of a loss to covered property, these duties must be performed either by you, an "insured" seeking coverage, or a representative of either.

    1.    Give prompt notice to us or our agent;
...

    4.    Protect the property from further damage. If repairs to the property are required you must:
        a.    Make reasonable and necessary repairs to protect the property; and
        b.    Keep an accurate record of repair expenses;

    5.    Cooperate with us in the investigation of a claim;
...

    7.    As often as reasonable require:
        a.    Show the damaged property;
        b.    Provide us with records and documents we request and permit us to make copies; and
        c.    Submit to examination under oath, while not in presence of any other "insured," and sign the same;

    8.    Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
        a.    The time and cause of loss;
        b.    The interests of the "insureds" and all others in the property involved and all liens on the property;
        c.    Other insurance which may cover the loss;
        d.    Changes in title or occupancy of the property during the term of the policy;
        e.    Specifications of damaged buildings and detailed repair estimates;
        f.    The inventory of damaged personal property described in **6.** above;
        g.    Receipts for additional living expenses incurred and records that support the fair rental value loss;

...

46.  AMCO asserts that liability under the Policy may be limited to the extent that Plaintiff did not comply with the above provisions.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Other Insurance)

47.  The Policy provides in relevant part as follows:

**SECTION I – CONDITIONS**

...

**F. Other Insurance and Service Agreement**

If a loss covered by this policy is also covered by:

1. Other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss; or

2. A service agreement, this insurance is excess over any amounts payable under any such agreement. Service agreement means a service plan, property restoration plan, home warranty or other similar service warranty agreement, even if it is characterized as insurance.

48.  AMCO asserts that liability under the Policy may be limited based on the above provisions.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Suit Against Us)

49.  The Policy provides in relevant part as follows:

**SECTION I - CONDITIONS**

...

**G.  Suit Against Us**

No action can be brought unless there has been full compliance with all the terms under Section I of this policy and the action is started within one year after the date of loss.

50.  AMCO asserts that liability under the Policy may be limited to the extent that Plaintiff failed to comply with the above provision.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Subrogation)

51.  The Policy provides in relevant part:

> **SECTION I and II – CONDITIONS**
> ...
> **F.   SUBROGATION**
>
> An "insured" may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.
> If an assignment is sought, an "insured" must sign and deliver all related papers and cooperate with us. Subrogation does not apply to Coverage F or Paragraph **C.** Damage to Property of Others under **SECTION II – ADDITIONAL COVERAGES.**

52.  AMCO asserts that liability under the Policy may be limited to the extent that Plaintiff failed to comply with the above provision.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Set-off)

53.  In the event of any liability, which AMCO expressly denies, AMCO alleges that it is entitled to a set-off to the extent of payments made by other persons or entities to Plaintiff related to injuries, damages or other losses asserted in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Constitutional Violation)

54.  AMCO alleges, without admitting liability whatsoever, that the conditions of California law limiting the amount of exemplary damages that may be awarded in specific types of cases, while allowing unlimited exemplary damages for other tortious conduct, including fraud, malice and oppression, impermissibly discriminate against those subject to unlimited exemplary damage awards in favor of those not subject to unlimited exemplary damage awards, in violation of Article I, §7 and Article IV, §16 of the California Constitution, and/or the Fifth and Fourteenth Amendment of the United States Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Constitutional Violation)

55. AMCO alleges, without admitting any liability whatsoever, that the application to AMCO of extra-contractual and/or exemplary damages in this action would constitute a denial to AMCO of due process and of equal protection of the laws in violation of Article I, §7 of the California Constitution and/or the Fifth and Fourteenth Amendment of the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Constitutional Violation)

56. AMCO alleges, without admitting any liability whatsoever, that the application to AMCO of extra-contractual and/or exemplary damages in this action would violate AMCO's rights guaranteed by Article I, §§7, 15 and 17 of the California Constitution and the Untied States Constitution, by <u>inter alia</u>, not limiting the discretion of the trier of fact as to the amount of exemplary damages that may be awarded.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Constitutional Violation)

57. AMCO alleges, without admitting any liability whatsoever, that the application to AMCO of extra-contractual damages and/or exemplary damages in this action would violate AMCO's rights guaranteed by Article I, §7 of the California Constitution, as well as the Eighth and the Fourteenth Amendment of the United States Constitution, in that, <u>inter alia</u>, the award of exemplary damages would constitute an impermissible punishment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Constitutional Violation)

58. AMCO alleges, without admitting any liability whatsoever, that the application to AMCO of extra-contractual and/or exemplary damages in this action would be impermissibly vague, imprecise, inconsistent and in violation of AMCO's rights guaranteed by Article I, §7 of the California Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Constitutional Violation)

59. AMCO alleges, without admitting any liability whatsoever, that the application to AMCO of extra-contractual and/or exemplary damages in this action would violate AMCO's rights to equal protection of the laws, freedom from cruel and unusual punishment and from excessive fines, guaranteed by Article I, §§7 and 17 and Article IV, § 16, of the California Constitution, as well as the Fifth, Eighth and the Fourteenth Amendment of the United States Constitution.

## PRAYER

WHEREFORE, AMCO prays for judgment as follows:

1. That Plaintiff take nothing by her Complaint;

2. That the Court enter judgment in favor of AMCO and against Plaintiff on each cause of action alleged in the Complaint;

3. That the Complaint be dismissed with prejudice;

4. That AMCO be awarded costs of suit; and

5. Such other and further relief as the Court deems just and proper.

DATED: December 6, 2007

**RUDLOFF WOOD & BARROWS LLP**

By: _____
G. Edward Rudloff, Jr.
Edward P. Murphy
Anna A. Chopova

Attorneys for Defendants ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY and AMCO INSURANCE COMPANY