G. EDWARD RUDLOFF, JR. (State Bar No. 56058)
EDWARD P. MURPHY (State Bar No. 182778)
ANNA A. CHOPOVA (State Bar No. 245730)
**RUDLOFF WOOD & BARROWS LLP**
2000 Powell Street, Suite 900
Emeryville, CA 94608
Tel:   (510) 740-1500
Fax:   (510) 740-1501
E-Mail:   erudloff@rwblaw.com
          emurphy@rwblaw.com
          achopova@rwblaw.com

Attorneys for Defendants ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY and AMCO INSURANCE COMPANY

PETER O. GLAESSNER (State Bar No. 93830)
**LOMBARDI LOPER & CONANT LLP**
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612
Tel:   (510) 433-2605
Fax:   (510) 433-2699
E-Mail:   pog@llcllp.com

Attorneys for Plaintiff JOELLEN HRUBY

# UNITED STATES DISTRICT COURT OF CALIFORNIA

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| JOELLEN HRUBY,<br><br>   Plaintiff,<br><br>vs.<br><br>ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY, AMCO INSURANCE COMPANY, and DOES 1-10,<br><br>   Defendants. | No. CV 07-06031 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: June 2, 2008<br>Time: 4:00 pm<br>Room: 15<br><br>[Hon. Marilyn H. Patel] |

**I.   JURISDICTION AND SERVICE**

This action was originally filed in the Superior Court of the State of California in and for the County of Alameda on September 21, 2007. It was removed by Allied Property and Casualty Insurance Company and AMCO Insurance Company (collectively "Allied") on the basis of

-1-
JOINT CASE MANAGEMENT STATEMENT
CASE NO. CV 07-06103 MHP

diversity jurisdiction pursuant to 28 U.S.C. section 1332; the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Venue is proper in the Northern District of California, San Francisco Division pursuant to 28 U.S.C. section 1391 because Allied is subject to personal jurisdiction in this judicial district and a substantial part of the events or omissions that give arise to this lawsuit occurred in the Northern District of California.

All parties have been served, and it is not anticipated that any additional parties will be added.

## II.  FACTS

This matter arose after a large tree planted on an up-slope neighbor's property of plaintiff JoEllen Hruby ("Hruby") became uprooted and struck a portion of her house causing damage. The claim was reported to Allied on or about September 24, 2006. Allied investigated and in December paid Ms. Hruby some $13,000 for costs related to removal of the tree and repairs to the house.

On May 4, 2007, Hruby contacted Allied through her attorney to advise Allied that there were additional damages to the house. Allied was asked in the letter to arrange a further inspection. Hruby retained an engineer to inspect the house who issued a report on September 14, 2007. Hruby also retained a contractor who provided her with an estimate to complete repairs to the home, including replacement of the entire roof, for $67,495.48. In response Allied retained the services of an engineer to inspect the home, who issued a report dated October 5, 2007. In addition, Allied retained an independent adjuster to inspect the home and to provide a revised estimate for repairs. This independent adjuster issued a report on November 17, 2007, with an estimate for repairs to the home of $42,718.48, exclusive of costs to repair the roof. Allied then obtained an estimate from a roofing contractor for roof repairs of $9,900. Subsequent to this, Allied tendered an additional payment to Hruby of $35,273.16 on December 14, 2007 to reflect the revised cost to complete repairs to the home.

This action was filed by Hruby on September 21, 2007, in the Alameda County Superior Court, and served on Allied on November 2, 2007. On December 3, 2007, Allied filed an

1  Amended Notice of Removal to this Court.

2  **III.   LEGAL ISSUES**

3      Hruby contends that Allied did not timely and reasonably investigate her claim. Hruby
4  further contends that Allied did not timely and reasonably make payments due under the policy.
5  As such, Hruby argues that Allied has breached its contract with her. Further, Hruby argues that
6  Allied breached the covenant of good faith and fair dealing and in doing so acted maliciously and
7  oppressively. On its part, Allied denies that it breached its policy because it timely responded to
8  and paid all amounts that it determined were owed. Allied also denies that it breached the
9  covenant of good faith and fair dealing as it acted reasonably and in good faith in handling
10 Hruby's claim. Finally, Allied contends that there is no showing that would support a claim for
11 punitive damages.

12 **IV.   MOTIONS**

13     The parties are unaware of any motions that will be filed at the present time. Allied does
14 anticipate that it may, at a later date, file a motion for summary judgment or summary adjudication
15 after discovery has taken place.

16 **V.   AMENDMENT OF PLEADINGS**

17     The parties do not anticipate any amendment to the pleadings.

18 **VI.   EVIDENCE PRESERVATION**

19     The parties agree that there are presently no special issues related to preserving evidence.

20 **VII.   DISCLOSURES**

21     The parties have conducted their Rule 26(f) meet and confer and have agreed to serve their
22 initial disclosures on May 27, 2008.

23 **VIII.   DISCOVERY**

24     The parties have not yet conducted any discovery except that they stipulated to allow
25 Allied to conduct a site inspection in advance of the initial discovery disclosures. The parties do
26 not anticipate the need to enlarge any of the requirements for discovery, except they would extend
27 the number of allowed interrogatories from 25 to 35.

28

IX. **CLASS ACTIONS**

This is not a class action.

X. **RELATED CASES**

Neither party is aware of any related cases or proceedings.

XI. **RELIEF**

Plaintiff is seeking the recovery of all sums for repairs to her home. In addition, plaintiff is seeking costs related to her loss of use. As part of her claim for bad faith, plaintiff is seeking special and general damages, attorneys fees and is claiming punitive or exemplary damages. Allied contends that all sums due plaintiff under the policy have been or will be paid; that its handling of her claim does not rise to the level of bad faith to award such damages; and finally, that plaintiff cannot establish by clear and convincing evidence acts of malice, oppression, or fraud to justify exemplary damages.

XII. **SETTLEMENT AND ADR**

The parties have agreed to have this matter assigned to a magistrate judge for early settlement conference.

XIII. **MAGISTRATE JUDGE**

Allied has declined to proceed before a magistrate judge except for settlement conference.

XIV. **OTHER REFERENCES**

As set out above, the parties have agreed to have this matter assigned to a magistrate judge for an early settlement conference.

XV. **NARROWING OF ISSUES**

The parties are not aware of any issues that can be narrowed through agreements or motions.

XVI. **EXPEDITED SCHEDULE**

The parties are not seeking an expedited schedule.

XVII. **SCHEDULING**

The parties have agreed to the following dates concerning this matter:

<u>Initial Disclosures under Rule 26</u>            -         May 27, 2008

|   |   |   |
|---|---|---|
| Expert Disclosures | - | May 18, 2009 |
| Supplemental Expert Disclosures | - | May 29, 2009 |
| Complete Non-Expert Discovery | - | April 27, 2009 |
| Complete Expert Discovery | - | June 18, 2009 |
| Complete Law and Motion (including dispositive and non-dispositive motions): | - | July 27, 2009 |
| Pre-trial Conference | - | August 10, 2009 |
| Trial | - | September 28, 2009 |

**XVIII. TRIAL**

Both parties have demanded a jury trial.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Allied has filed its Certification of Interested Parties as required by Civil Local Rule 3-16 on December 3, 2007. Hruby filed her Certification of Interested Parties on May 13, 2008.

**XX. OTHER MATTERS THAT MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THE MATTER**

There are no other matters that the parties wish to bring to the Court's attention.

DATED: May 21, 2008            **RUDLOFF WOOD & BARROWS LLP**

By: _____
G. Edward Rudloff, Jr.
Edward P. Murphy
Anna A. Chopova
Attorneys for Defendants ALLIED PROPERTY
AND CASUALTY INSURANCE COMPANY and
AMCO INSURANCE COMPANY

DATED: May ____, 2008            **LOMBARDI, LOPER & CONANT LLP**

By: _____
Peter O. Glaessner, Esq.
Attorneys for Plaintiff JOELLEN HRUBY

| | | |
|---|---|---|
| Expert Disclosures | - | May 18, 2009 |
| Supplemental Expert Disclosures | - | May 29, 2009 |
| Complete Non-Expert Discovery | - | April 27, 2009 |
| Complete Expert Discovery | - | June 18, 2009 |
| Complete Law and Motion (including dispositive and non-dispositive motions): | - | July 27, 2009 |
| Pre-trial Conference | - | August 10, 2009 |
| Trial | - | September 28, 2009 |

**XVIII. TRIAL**

Both parties have demanded a jury trial.

**XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Allied has filed its Certification of Interested Parties as required by Civil Local Rule 3-16 on December 3, 2007. Hruby filed her Certification of Interested Parties on May 13, 2008.

**XX. OTHER MATTERS THAT MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THE MATTER**

There are no other matters that the parties wish to bring to the Court's attention.

DATED: May ___, 2008         **RUDLOFF WOOD & BARROWS LLP**

By: _____
G. Edward Rudloff, Jr.
Edward P. Murphy
Anna A. Chopova
Attorneys for Defendants ALLIED PROPERTY AND CASUALTY INSURANCE COMPANY and AMCO INSURANCE COMPANY

DATED: May 20, 2008          **LOMBARDI, LOPER & CONANT LLP**

By: _____
Peter O. Glaessner, Esq.
Attorneys for Plaintiff JOELLEN HRUBY